NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| NANCY NGUYEN HO, Individually and as the Personal Representative and Executor of the Estate of KHANH VAN HO and the legal guardian of the minors MONICA HO NGUYEN and LUCY HO NGUYEN,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>RUBY S LLC, LAM K. HUYNH, THE LOBSTER HOUSE and the FV MEKONG her engines, tackle and fishing permits in rem,<br><br>                    Defendants. | Civil Action No. 15-cv-3390 (KSH)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on the motion to transfer venue filed by Defendants Ruby S LLC, Lam K. Huynh, and FV Mekong and joined by Defendant The Lobster House. (ECF Nos. 20-23, 25, 27.) In short, Defendants seek transfer to the Camden Vicinage while Plaintiffs maintain that the matter was properly assigned to the Newark Vicinage. The Court declined to hear oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure and, for the reasons set forth below, the Court denies the motion.[1]

This wrongful death action arises out of the death of Khanh Van Ho (decedent), who while intoxicated accidentally drowned when moving between The Lobster House restaurant and its nearby pier. (Am. Compl., ECF No. 18.) Defendants argue that transfer is appropriate pursuant to

---

[1] The Court considers the instant motion to be a non-dispositive pretrial matter and accordingly issues this Opinion & Order as a final decision on a non-dispositive matter. See Plotnick v. Computer Scis. Corp. Deferred Comp. Plan for Key Executives, 2015 WL 4716116, at *1 (D.N.J. 2015) (citing Prinir (HADAS 1987) Ltd. v. ConAgra Food Packaged Foods Co., 2008 WL 5169118, at *1 (D.N.J. 2008)).

28 USC § 1404(b) or, in the alternative, pursuant to Local Civil Rule 40.1(d). (Motion, ECF Nos. 20-21.) In particular, Defendants contend that the matter is not properly in the Newark Vicinage because "[a]ll of the events giving rise to this action occurred in Cape May, New Jersey, which is located within the Camden Division's territorial jurisdiction[.]" (Brief, ECF No. 21, at 4; Karpousis Aff., ECF No. 22.) By reference to the Amended Complaint, Defendants emphasize that immovable physical evidence—such as the restaurant, the pier, and the vessel in question—is in Cape May and numerous witnesses are in close proximity to Cape May. (Brief, at 2-5 (citing Am. Comp., ¶¶ 3-12).) In addition, Defendants assert that the Camden Vicinage and Newark Vicinage are about eighty (80) and one hundred fifty (150) miles, respectively, "from the location where the incident giving rise to this action took place[.]" (Id., at 4.)

Plaintiffs, who are the widow and minor daughters of decedent and residents of Virginia, maintain that "[v]enue was properly placed in the Newark Vicinage" and contend that Defendants offer insufficient evidence to warrant transfer. (Opp., ECF No. 26, at 2-5; Am. Compl.. ¶¶ 8-10.) Plaintiffs argue that, although they are Virginia residents, "[t]he extreme financial and physical limitations of [decedent's widow] would be exacerbated by moving this action to Camden" and, furthermore, "she has provided evidence that she would have a place to stay [in Newark] at no cost as well as a person who could transport her where she would have to go and assist her with her physical limitations again at no cost." (Opp., ECF No. 26, at 5; Ho Aff., ECF No. 26-1, ¶¶ 4-19.) Plaintiffs further contend that "Newark is not some remote distant place and the witnesses would have only a short extra distance to travel to Newark rather than Camden." (Opp., at 4.) Plaintiffs also argue that Defendants incorrectly rely on § 1404(b) in support of their motion because that subsection requires consent. (Id., at 2-3.)

In reply, Defendants reiterate that "the operative facts, immovable evidence and other sources of proof, and a substantial number of witnesses in this matter are located in or around Cape May[.]" (Reply, ECF No. 27 at 2; Adler Aff., ECF No. 27-1.) Defendants deny that § 1404(b) is an inappropriate vehicle by which to seek the instant relief and, in the alternative, submit that transfer is appropriate pursuant to § 1404(a). (Reply, at 1-4.)

Section 1404 of Title 28 of the United States Code provides, in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

As a preliminary matter, a plain reading of the statute reveals that inter-district transfer may not be achieved by stipulation, whereas consent of all parties may be sufficient, though not necessary, to achieve intra-district transfer. See White v. ABCO Eng'g Corp., 199 F.3d 140, 143-44 (3d Cir. 1999) (noting that a § 1404(b) transfer "is much less cumbersome than its inter-district counterpart"). Thus, contrary to Plaintiffs' assertion, Opp., at 3, the Court may entertain a contested motion to transfer under § 1404(b).

To decide a motion to transfer pursuant to § 1404(a), the Court examines the factors enumerated in that subsection, i.e., the convenience of parties and witnesses as well as the interests of justice. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The Court may also consider private interests such as: 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) whether the claim arose elsewhere; and 4) the location of books and records. Id. The

Court may also consider public interests such as practical considerations that could make the trial easy, expeditious, or inexpensive, and the relative administrative difficulty in the two fora from court congestion. Id. at 879-80 (citations omitted).

To determine whether to transfer a case between divisions pursuant to § 1404(b), the Court is guided by the same factors that apply to transfers between districts and, at a minimum, must consider whether a transfer would be convenient to the parties and witnesses and in the interests of justice. See In re Bishop, 2014 WL 1266363, at *3 (D.Del. 2014) (citing Zanghi v. Freight Car Am., Inc., 2014 WL 130985, at *9 (W.D.Pa. 2014)); see also Cottier v. Schaeffer, 2011 WL 3502491, at *1 (D.S.D. Aug. 10, 2011) (collecting cases and observing that transfers under § 1404(b) are subject to fewer guidelines than transfers under § 1404(a)).

Importantly, the moving party bears the burden to establish that the transfer is appropriate and more convenient. Jumara, 55 F.3d at 879. "The decision of whether to transfer a case is committed to the trial court's sound discretion." Prudential Ins. Co. of Am. v. Brimberry, 2013 WL 5340378, at *2 (D.N.J. 2013) (citations omitted).

On the particular facts presented, and even upon application of the more lenient inquiry under § 1404(b), the Court finds that transfer to the Camden Vicinage is unwarranted.[2] First, although Plaintiffs reside in Virginia, Plaintiffs prefer the Newark Vicinage and the Court is mindful of the financial and physical limitations underpinning this preference. See Ho Aff., ECF No. 26-1, ¶¶ 4-19; see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any

---

[2] It must be noted that Defendants' request for transfer pursuant to § 1404(a) is first set forth—and at length—in reply. Compare Brief, ECF No. 20, with Reply, ECF No. 27. While the Court appreciates that Defendants raise these arguments somewhat in response to the position articulated by Plaintiffs in opposition, it must be emphasized that it is the duty of a movant to fully disclose, in the first instance, the specific statutory avenues by which relief is sought. See Aiellos v. Zisa, 2009 WL 3486301, at *1 (D.N.J. 2009) (citing Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000)). Nevertheless, as described herein, § 1404(a) imposes a more restrictive standard for reviewing a request to transfer and, in any event, the Court has duly considered and rejected all of Defendants' arguments.

determination of a transfer request, and that choice should not be lightly disturbed." (internal quotations omitted)). Next, while Defendants prefer the Camden Vicinage and emphasize that Cape May is central to this action in terms of immovable evidence and witnesses in proximity, the exact addresses of such witnesses are not disclosed and, furthermore, Defendant Ruby S LLC maintains a registered office in Plainfield and Defendant Huynh resides in Plainfield. See Karpousis Aff., ECF No. 22, ¶¶ 3-6; Adler Aff., ECF No. 27-1, ¶¶ 8-9. Moreover, the Court is not convinced that the additional distance to Newark favors transfer, as the distance is not substantial and transfer to the Camden Vicinage would work considerable inconvenience against Plaintiffs while adding marginal convenience to others. In addition, the Court finds that transfer to the Camden Vicinage is not in the interest of judicial economy since this Court is well-acquainted with the matter and discovery is ongoing. See Rappoport v. Steven Spielberg, Inc., 16 F.Supp.2d 481, 497 (D.N.J. 1998) (stating that § 1404 is designed "to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense"). The Court therefore concludes that Defendants have not demonstrated that transfer to the Camden Vicinage is appropriate pursuant to § 1404 and similarly concludes for the same reasons that transfer is not appropriate pursuant to Local Civil Rule 40.1.

**ACCORDINGLY, IT IS** on this 23rd day of March, 2016,

**ORDERED** that Defendants' motion to transfer venue (ECF No. 20) is DENIED; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 20.

s/ Cathy L. Waldor
**CATHY L.WALDOR**
**UNITED STATES MAGISTRATE JUDGE**